UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JANCIE VINSON,**             CASE NO. 1:08cv181-MP/AK

    **Plaintiff,**

vs.

**DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,**

    **Defendant.**

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, JANCIE VINSON, hereby sues Defendant, DEPARTMENT OF CORRECTIONS, STATE OF FLORIDA, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest. This case was removed to this Court by the Defendant.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JANCIE VINSON, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to the fact that she reported or objected to unlawful employment practices adversely affecting her and she was the victim of retaliation thereafter.

4.	At all times pertinent hereto, Defendant, DEPARTMENT OF CORRECTIONS, STATE OF FLORIDA (DOC), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.	The condition precedent of receipt of a notice of right to sue has been waived by the Order entered in this case on September 5, 2008. [Doc No. 23].

## STATEMENT OF THE ULTIMATE FACTS

6.	Plaintiff has been employed by Defendant for since May 16, 1984. She has worked as, among other things, a Correctional Probation Supervisor and a Correctional Probation Specialist.

7.	On or around September 9, 2004, in the case styled <u>Ellery Cave v. Department of Corrections, State of Florida</u>, Case No. 03-CA-813, Leon County Circuit Court, Plaintiff testified during a deposition in a case filed by her African American co-worker, Ellery Cave. This action alleged that the Defendant discriminated against Mr. Cave on the basis of his race and retaliated against him after he was forced to file one or more charges of discrimination against the Defendant. Plaintiff testified during a deposition that Mr. Cave was treated differently than other employees and that she witnessed discrimination and disparate treatment of Mr. Cave by DOC. This testimony was given on or around September 9, 2004.

8.	Shortly after Plaintiff testified in Mr. Cave's lawsuit, a pattern of retaliatory harassment began against Plaintiff. Specifically and without limitation, beginning in late 2004 (exact date unknown) and continuing into 2005, Plaintiff was audited differently than her co-workers and held to a higher standard in her work than her co-workers who had not complained of discrimination. By way of example only, beginning in the latter part of 2004, Plaintiff was given

exceptions on the cases she worked when another Correctional Probation Specialists, Alan R. Katz (white male), Roy Gratzmiller (white male) and Charal Paterson (white female) were not criticized for their work. These actions against Plaintiff, in which her work was evaluated differently than her co-workers' work and she was given poor case reviews and audits, began approximately one month after Plaintiff's testimony in Cave and culminated in a proposal to terminate or suspend Plaintiff that she received on or around August 23, 2005.

9. After a pretermination conference on September 12, 2005, Plaintiff received a five (5) unpaid, working day suspension effective October 10, 2005 for the failure to follow written instructions, conduct inconsistent with the maintenance of proper security of persons on parole, probation or otherwise under supervision, negligence, substandard quality of work and willful violation of rules, regulations or policy statements.

10. Plaintiff appealed this suspension and the day before the hearing at the Public Employees Relations Commission (PERC) on the appeal (on or about 11/30/05), the Defendant changed the suspension to a written reprimand (which was back dated to October 18, 2005) for failing to conduct a warrantless arrest or violation report in a timely manner on a sex offender. This and the other charges against her were false or were no different than violations by other Correctional Probation Specialists who were not disciplined. The Defendant changed the suspension to a written reprimand without Plaintiff's knowledge or consent which eliminated Plaintiff's ability to challenge the actions against her at PERC. The written reprimand, although dated October 18, 2005, was served on Plaintiff the day of her PERC hearing on November 30, 2005.

11. After Plaintiff received the notice of termination or suspension in August, 2005, referenced above, on or around November 2, 2005 Plaintiff filed a charge of race and sex

discrimination and retaliation internally within DOC. The complaint was assigned for investigation within DOC on November 21, 2005. In this charge, Plaintiff claimed that she was treated differently and disparately as compared to her white male coworkers, identified above, and a white female coworker, Charal Paterson. She also claimed that she was the victim of retaliation for the testimony she gave in the Cave case and in prior lawsuits filed against DOC in which she alleged race discrimination and retaliation.

12. After Plaintiff filed this charge of discrimination on or around November 2, 2005, on November 12, 2005 Plaintiff received an anonymous complaint threatening her welfare and referencing an employee of DOC who was deceased. Plaintiff reported this call to the Gainesville Police Department.

13. In February, 2005, Plaintiff's supervisor, who was favorable to Plaintiff and advocated for her, was removed as her supervisor and Plaintiff was moved under the supervision of John Cynkar, a person against whom Plaintiff testified against in Ramsey v. Singletary, Case No. 94-4012-CA, Alachua County Circuit Court. In that case, Ramsey alleged sexual harassment/discrimination by Cynkar and Plaintiff testified against Cynkar during a deposition and at trial. Plaintiff was Ms. Ramsey's supervisor and the harassment/discrimination had been reported to her by Ramsey and then reported by Plaintiff up the chain of command in DOC. Plaintiff assisted Ms. Ramsey in her claim against DOC involving Cynkar.

14. On or around March 15, 2006, Plaintiff was reassigned under John Walkup. Walkup had previously initiated a complaint against Plaintiff that was the subject of a prior race and retaliation lawsuit Plaintiff filed against DOC, Vinson v. Michael Moore, Case No. U.S.1:02-cv-90-MMP, United States District Court, Northern District of Florida.

15. After Plaintiff was transferred under Walkup, she was denied training that other employees received in March and May, 2006. The Circuit Administrator, Sheila Smalls, participated in the decision to deny Plaintiff training, which had also occurred in 2005. Other employees similarly situated to Plaintiff were allowed to attend training. Sheila Smalls had been named as a discriminating and/or retaliating official in Plaintiff's November, 2005 EEO complaint filed within DOC.

16. On May 5, 2006, Plaintiff was also denied a promotion into a Correctional Probation Senior Supervisor position, #07985. Sheila Smalls, John Walkup and Charles Davidson were part of the selection process. Both Walkup and Davidson were involved in Plaintiff's 2002 lawsuit referenced in paragraph 14 above. Plaintiff was the most qualified applicant for this position and should have received more points than the selected candidate. Plaintiff's points were tallied incorrectly which rated her as "second", rather than "first" on the promotion list.

17. In mid-May, 2006, Plaintiff applied for another promotional position as a Correctional Probation Senior Supervisor, position #07756. She was not selected for the position even though she had the highest points for that position and even though she was initially told that her points were lower than the selected applicant. Ultimately, Plaintiff's points were crossed out and she was given the highest points for this position but she was not promoted. Sheila Smalls, John Walkup and Patrice Bryant were the selectors for that position.

18. On May 25, 2006, Plaintiff requested a lateral transfer into a position within Defendant in the same classification as the position she was then holding. Defendant, rather than allowing Plaintiff to transfer, advertised the position and filled it with a less qualified applicant than Plaintiff.

19.     After the non-selection for these positions described above, Plaintiff filed a formal complaint of discrimination internally within DOC on or around August 16, 2006 alleging discrimination on the basis of race and retaliation.   Plaintiff also filed a charge of discrimination (FCHR No.  200701241 and EEOC No. 15D200700605) on or around March 30, 2007 based on the incidents of retaliation referenced above.

20.     Between May 25, 2006 and November, 2006, Plaintiff continued to have incidents occur within her work place initiated by John Walkup and Sheila Smalls that adversely affected Plaintiff's employment . By way of example only, beginning in or about June to August, 2006, Plaintiff was placed on a GPS on-call monitoring  schedule when Plaintiff had a hardship that the supervisors were not acknowledging.  However, the Assistant Regional Director over ruled Plaintiff being on GPS and she was removed from this on call schedule.  Additionally, the auditors continued during this time period to review Plaintiff differently than other supervisors in the same position as Plaintiff which disparity ceased when a different new auditor was placed into the auditing position in or around November, 2006.  Plaintiff has suffered no adverse actions since in or around November, 2006.

21.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services.  Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I

## RETALIATION

22.     Paragraphs 1-21 are hereby realleged and reincorporated as if set forth in full herein.

23. Defendant is an employer as that term is used under the applicable statutes referenced above.

24. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

25. The foregoing unlawful actions by Defendant were purposeful.

26. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

27. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

28. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of state and federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303
850/383-4800 (Telephone)
850/383-4801 (Facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the attorney identified below by CM/ECF this 25th day of September, 2008:

F. Damon Kitchen
Constangy Brooks & Smith
P.O. Box 41099
Jacksonville, FL 322

/s/ Marie A. Mattox
Marie A. Mattox

8